NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RENE CAMACHO, *Petitioner*.

No. 1 CA-CR 15-0784 PRPC
FILED 7-11-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR 1991-005756
CR 1991-006641
The Honorable Dean M. Fink, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Rene Camacho, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1            Rene Camacho petitions this court for review of the summary dismissal of his sixth petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            In 1993, a jury found Camacho guilty of three counts of second degree burglary in two matters consolidated for trial.  The trial court sentenced Camacho to an aggregate term of thirty-nine years' imprisonment, and this court affirmed his convictions and sentences on direct appeal.  *See State v. Camacho*, 1 CA-CR 93-0588, 1 CA-CR 93-0589 (Ariz. App. June 6, 1995) (mem. decision).

¶3            In his petition for review, Camacho argues Arizona Revised Statutes ("A.R.S.") section 13-4509(C) (2010) constitutes a significant change in the law that entitles him to relief pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1(g).  Section 13-4509(C) provides in relevant part that if a mental health expert determines a defendant is competent due to treatment with psychotropic medication, the expert must describe any limitations the medication may have on the defendant's competency. Camacho argues the numerous reports of experts who addressed his competency before trial did not include this information, and the new requirement in § 13-4509(C) constitutes a significant change in the law.  He further argues the trial court erred when it considered the purportedly perjured trial testimony of one of the State's mental health experts when it addressed this claim.

¶4            We deny relief.  The legislature enacted A.R.S. § 13-4509(C) in 1995.  *See* 1995 Ariz. Sess. Laws, ch. 250, § 2 (1st Reg. Sess.).  Camacho did not file the first of his six petitions for post-conviction relief until 1996. Therefore, Camacho could have raised this claim in his first post-conviction relief proceeding.  In general, claims a defendant could have raised in an earlier post-conviction relief proceeding are precluded.  Ariz. R. Crim. P. 32.2(a).  The exceptions under Rule 32.2(b) do not apply here.  *See* Ariz. R.

Crim. P. 32.2(b) ("When a claim under Rules 32.1(d), (e), (f), (g) and (h) is to be raised in a successive or untimely post-conviction relief proceeding, the notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner. If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed."). Camacho's lack of familiarity with the law is not a sufficient ground to require a court to consider a claim of an allegedly significant change in the law twenty years after that change occurred.

¶5          Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA